# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TIRO SOLUTIONS, L.L.C.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-0934-L** |
| | § | |
| **BEACON HILL STAFFING GROUP,** | § | |
| **L.L.C. and BRIAN PELLIGRINI,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss (Doc. 5.), filed April 28, 2017. Upon reviewing the motion and the record in this action, the court **concludes** that Tiro Solutions, L.L.C. ("Tiro" or "Plaintiff") fails to establish that this court has subject matter jurisdiction over this action and, accordingly, **dismisses without prejudice** this action for lack of subject matter jurisdiction.

## I.   Factual and Procedural Background

On April 3, 2017, Tiro brought this action against Beacon Hill Staffing Group, L.L.C. ("Beacon") and Brian Pelligrini (collectively "Defendants"). Tiro alleges in Plaintiff's Complaint for Damages (Doc. 1) ("Complaint") that Defendants breached a "Direct-Hire Agreement" (the "Agreement") whereby Tiro was to provide recruitment services for Beacon. Compl. ¶ 8. Tiro alleges that Beacon hired two recruiting candidates referred by Tiro in violation of the Agreement. Compl. ¶¶ 9-14. Tiro alleges that as a result of the breach, it has "suffered damages and continues to suffer damages." Compl. ¶ 20. Tiro also alleges claims for tortious interference, fraud, conversion, and unjust enrichment. Compl. 4-6. On April 28, 2017, Defendants moved to dismiss

**Memorandum Opinion and Order - Page 1**

this action pursuant to Federal Rule of Civil Procedure 12(b)(1) because they contend that Tiro has not satisfied the amount-in-controversy threshold.[1]

In Tiro's Complaint, it asserts that this court has jurisdiction over this action because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Compl. ¶ 6. With respect to the citizenship of the parties, Tiro asserts the following:

> 2. Plaintiff Tiro Solutions, LLC is a domestic limited liability company organized under the laws of the state of Texas, with its principle place of business in Dallas, Texas.
> 3. Defendant Beacon Hill Staffing Group, LLC is a domestic limited liability company organized under the laws of the state of Massachusetts, with its principle place of business in Boston, Massachusetts.
> 4. Upon information and belief, Defendant Brian Pelligrini is a resident and citizen of the state of Illinois.

Compl. 1-2. Based on the allegations of the Complaint, for the reasons stated herein, the court determines that Tiro has not set forth sufficient allegations for the court to determine whether complete diversity exists between the parties. Accordingly, the court will confine its analysis to this issue.

## II. Standard for Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited

---

[1] Defendants further contend that in the event that Tiro's complaint survives its 12(b)(1) motion, all causes of action against Pellegrini, individually, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Tiro has filed to state a claim against upon which relief may be granted.

**Memorandum Opinion and Order - Page 2**

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*,

798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B. Diversity of Citizenship

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and

quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The citizenship of a limited liability company ("LLC") "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Discussion

An LLC is a citizen of every state in which all of its members are citizens. *Harvey,* 542 F.3d at 1080. According to the Complaint, Tiro is an LLC organized under the laws of the state of Texas, and its principal place of business is in Dallas, Texas. The Complaint, however, is silent regarding the citizenship of Tiro's members. The Complaint also states that Beacon is an LLC organized under the laws of Massachusetts, and its principal place of business is in Boston, Massachusetts; however, once again, the Complaint is silent regarding the citizenship of Beacon's members. This failure alone is fatal regarding diversity because the citizenship of each member of the LLC is omitted. The principal place of business is irrelevant insofar as determining the citizenship of an LLC. What must be set forth are the names of each member of the limited liability company and the citizenship of each member. The Complaint does not "affirmatively and

distinctly" set forth this information regarding Tiro or Beacon.  The court is, therefore, unable to ascertain whether complete diversity exists.

In light of the insufficient allegations made by Tiro with respect to the citizenships of the parties to this litigation, the court is unable to ascertain the citizenship of all parties.  Therefore, Tiro has failed to carry its burden and set forth allegations that "distinctly and affirmatively" state the citizenship of each party to this action, and the court, therefore, is unable to ascertain whether complete diversity of citizenship exists between the parties.  As Tiro failed to carry its burden and show that complete diversity exists between the parties, the court lacks subject matter jurisdiction over this action.  Accordingly, the court will dismiss this action without prejudice.

## IV. Conclusion

For the reasons herein set forth, Tiro has not shown that complete diversity of citizenship exists between the parties.  Accordingly, the court **lacks** subject matter jurisdiction to hear this action and **dismisses without prejudice** this action for lack of subject matter jurisdiction.  Further, the lack of subject matter jurisdiction **moots** Defendants' Motion to Dismiss (Doc. 5.)

**It is so ordered** this 16th day of March, 2018.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge